UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID THOMAS, REGINALD KORNEGAY,   )
and JAARON MELVIN,   )
   )
   )   **AMENDED COMPLAINT**
   )
              Plaintiffs,   )
   )   **JURY TRIAL DEMANDED**
   )
     -against-   )
   )   13 Civ. 2934 (LTS)
   )
THE CITY OF NEW YORK; NEW YORK CITY   )
POLICE DETECTIVE JUAN INFANTE, Shield   )
No. 6495 (formerly Police Officer Juan Infante,   )
Shield No. 12575); NEW YORK CITY POLICE   )
SERGEANT MARK SILEY, Shield No. 3441;   )
NEW YORK CITY POLICE OFFICER MELVIN   )
MEJIA, Shield No. 301; NEW YORK CITY   )
POLICE DETECTIVE BENJAMIN WHITE,   )
Shield No. 2475; NEW YORK CITY POLICE   )
OFFICER MATTHEW CERNY, Shield No. 6487  )
JOHN DOES and RICHARD ROES,   )
   )
              Defendants.   )
-----------------------------------------------------------------X



## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed a timely Notice of Claim with the Comptroller of the City of New York on April 30, 2012, within 90 days of their arrests and the accompanying police misconduct complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs at all times relevant herein were residents of the State of New York,

County of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants NEW YORK CITY POLICE OFFICER INFANTE, Shield No. 12575, NEW YORK CITY POLICE SERGEANT SILEY, NEW YORK CITY POLICE OFFICER MELVIN MEJIA, Shield No. 301; NEW YORK CITY POLICE DETECTIVE BENJAMIN WHITE, Shield No. 2475; NEW YORK CITY POLICE OFFICER MATTHEW CERNY, Shield No. 6487 and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants INFANTE, SILEY and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants NEW YORK CITY POLICE OFFICER INFANTE, Shield No. 12575, NEW

YORK CITY POLICE SERGEANT SILEY, NEW YORK CITY POLICE OFFICER MELVIN MEJIA, Shield No. 301; NEW YORK CITY POLICE DETECTIVE BENJAMIN WHITE, Shield No. 2475; NEW YORK CITY POLICE OFFICER MATTHEW CERNY, Shield No. 6487 and JOHN DOES are sued individually and in their official capacity.

10. Defendants NEW YORK CITY POLICE SERGEANT SILEY, NEW YORK CITY POLICE DETECTIVE BENJAMIN WHITE, Shield No. 2475 and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants SILEY and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants NEW YORK CITY POLICE SERGEANT SILEY, NEW YORK CITY POLICE DETECTIVE BENJAMIN WHITE, Shield No. 2475 and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On January 31, 2012, approximately 6 p.m., Plaintiffs DAVID THOMAS, REGINALD KORNEGAY, and JAARON MELVIN were present inside of 203 W. 111th Street,

New York, NY.

12. Plaintiffs had gone to the location to see a friend, and were waiting for the friend in the stairwell.

13. Approximately half a dozen plainclothes JOHN DOES members of the NYPD including, on information and belief, Defendants INFANTE, SILEY, MEJIA, WHITE, and CERNY, approached Plaintiffs in the stairwell.

14. On information and belief, the officers were engaged in what is known as a "vertical sweep" of the property.

15. The police officers pointed their guns at Plaintiffs and told Plaintiffs not to move.

16. Plaintiffs complied, and did not move.

17. The police officers questioned Plaintiffs as to whether Plaintiffs were visiting anyone in the building, and if so, who.

18. Plaintiffs told the police officers the name and apartment number (which was just down the hall) of the friend they were visiting.

19. The police officers also asked to see Plaintiffs' identification, which Plaintiffs provided to them.

20. The police officers placed all of the Plaintiffs in handcuffs, and arrested them.

21. The police officers did nothing at all to seek to confirm whether Plaintiffs in fact were in the building in order to visit their friend, and with the permission of their friend, who lived in the building, and whether Plaintiffs in fact were waiting for their friend.

22. Plaintiffs requested that the officers go to the door of Plaintiffs' friend, to knock on it and check whether Plaintiffs in fact were in the building in order to visit their friend, and with

the permission of their friend, who lived in the building, and whether Plaintiffs in fact were waiting for their friend.

23. The officers did not seek to go to the door of Plaintiffs' friend, to knock on it and check whether Plaintiffs in fact were in the building in order to visit their friend, and with the permission of their friend, who lived in the building, and whether Plaintiffs in fact were waiting for their friend.

24. The officers simply told Plaintiffs, in sum and substance, that if none of Plaintiffs lived in the building, then the police would arrest all of them.

25. Plaintiffs were handcuffed by the officers with extreme and excessive tightness.

26. Plaintiffs requested that the officers loosen their excessively tight handcuffs, but Plaintiffs' requests were ignored by the officers.

27. Plaintiffs were brought – after a delay during which time they were held, handcuffed in an NYPD transport vehicle(s) – to the NYPD 25th Precinct.

28. After being held at the NYPD 25th Precinct, Plaintiffs were taken to Manhattan Central Booking.

29. Plaintiffs were fingerprinted, photographed, and searched while in police custody.

30. Plaintiff THOMAS was held in police custody for approximately 24 hours before he appeared before a judge and was arraigned.

31. The judge set $1,000 bail for Plaintiff THOMAS.

32. Plaintiff THOMAS' sister posted the bail for him, and he was released some hours later, at approximately 3 or 4 a.m. on February 2, 2012.

33. Plaintiff KORNEGAY had, on information and belief, $1,500 bail set for him at his

arraignment.

34. Plaintiff KORNEGAY was not able to raise the bail quickly, and was held in custody for an additional 15 days until bail was either posted for him (or he was released on his own recognizance following his appearance in court on February 15, 2012).

35. Plaintiff MELVIN had bail set for him at arraignment, which he also was unable to meet.

36. Plaintiff MELVIN was held at Rikers Island for an additional 15 days, until such time as he appeared in court on February 15, 2012, and was released on his own recognizance.

37. Plaintiffs were falsely charged with trespassing.

38. On the Criminal Court complaints lodged against the Plaintiffs, Defendant INFANTE falsely states, under penalty of perjury, that "defendants are not invited guests in that the defendants were unable to provide the identity of a resident of whom defendants were an invited guest."

X. On the Voluntary Disclosure Forms provided by the District Attorney's office during the course of the Plaintiffs' prosecutions, Defendant INFANTE is also reported as having falsely informed the District Attorney's office that each of the Plaintiffs said, "We're just hanging out. I don't live here. I'm not visiting anyone."

39. The charges against all three Plaintiffs were dismissed on April 11, 2012 on motion of the District Attorney's office.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

7

40. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By their conduct and actions in unlawfully pointing their guns at, falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, violating the rights to due process of, unlawfully searching and seizing, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and/or evidence with regard to, Plaintiffs, Defendants INFANTE, SILEY, MEJIA, WHITE, CERNY and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

42. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers SILEY,

WHITE and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

45. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

46. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

50. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

51. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

52. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and

employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

54. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

55. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. By the actions described above, defendants did inflict assault and battery upon plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST and FALSE IMPRISONMENT

58. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

64. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

## MALICIOUS PROSECUTION

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

70. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

73. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated

their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

76. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. By the actions described above, defendants violated plaintiffs' rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

79. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

81. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

82. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
January 31, 2014

_____
JEFFREY A. ROTHMAN, Esq.
Law Office of Jeffrey A. Rothman
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiffs